# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV19-07901-RGK (PLAx) | Date | November 21, 2019 |
| Title | *STEPHANIE CONTRERAS v. JCPENNY CORPORATION, INC.* | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On July 8, 2019, Stephanie Contreras ("Plaintiff") filed a complaint against JCPenny Corporation, Inc. ("Defendant") alleging common law and state statutory claims based on disability discrimination in the workplace.

On September 12, 2019, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages for lost wages, loss of employment related opportunities, general and special damages, and damages for emotional distress and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's monthly pay, her back pay to date, is $38,850. Defendant then states that including all other requested damages, the amount in controversy exceeds the jurisdictional minimum.

Defendant fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With $38,850 as a starting point, and no supporting evidence regarding

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV19-07901-RGK (PLAx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | ***STEPHANIE CONTRERAS v. JCPENNY CORPORATION, INC.*** | | |

emotional distress damages, Defendant does not meet the minimum amount in controversy, Defendant's inclusion of attorneys' fees and punitive damages are speculative.

As Defendant points out, Plaintiff would be entitled to statutory attorneys' fees if the action succeeds. However, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Defendant has provided only speculation.

As to punitive damages, such amount is also speculative, as Defendant has offered no evidentiary support.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer